```
#65909-3-104
TIMOTHY J. SCHMAL, ESQ.  #104874
BURTON, SCHMAL & DiBENEDETTO, LLP
133 Mission Street, Suite 102
Santa Cruz, CA  95060
Phone: (831)425-5023
Facsimile: (831)427-3159

Attorneys for Defendants, CITY OF
GILROY, POLICE CHIEF DENISE TURNER,
CAPTAIN SCOT SMITHEE, OFFICER
RODRIGUEZ, SERGEANT WES STANFORD,
OFFICER JAQUEZ, OFFICER HEATH
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF GURMIT SINGH, et al. | Case No. C09-00740 JW |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** AS MODIFIED BY THE COURT |
| vs. | Complaint Filed: 2/19/09 |
| CITY OF GILROY, et al., | [JURY TRIAL DEMANDED] |
| Defendants. | |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal

```
 1  principles to treatment as confidential. The parties
 2  further acknowledge, as set forth in Section 10, below, that this
 3  Stipulated Protective Order creates no entitlement to file
 4  confidential information under seal; Civil Local Rule 79-5 sets
 5  forth the procedures that must be followed and reflects the
 6  standards that will be applied when a party seeks
 7  permission from the court to file material under seal.
 8      2. DEFINITIONS
 9          2.1  Party:  any party to this action, including all of
10  its officers, directors,
11  employees, consultants, retained experts, and outside counsel (and
12  their support staff).
13          2.2  Disclosure or Discovery Material:  all items or
14  information, regardless of the medium or manner generated, stored,
15  or maintained (including, among other things, testimony,
16  transcripts, or tangible things) that are produced or generated in
17  disclosures or responses to discovery in this matter.
18          2.3  "Confidential" Information or Items:  information
19  (regardless of how generated, stored or maintained) or tangible
20  things that qualify for protection under standards developed under
21  F.R.Civ.P. 26(c).
22          2.4  Receiving Party:  a Party that receives Disclosure
23  or Discovery Material from a Producing Party.
24          2.5  Producing Party:  a Party or non-party that produces
25  Disclosure or Discovery Material in this action.
26          2.6  Designating Party:  a Party or non-party that
27  designates information or items that it produces in disclosures or
28  in responses to discovery as "CONFIDENTIAL"
```

1        2.7 <u>Protected Material</u>: any Disclosure or Discovery
2 Material that is designated as "CONFIDENTIAL".
3        2.8 <u>Outside Counsel</u>: attorneys who are not employees
4 of a Party but who are retained to represent or advise a Party in
5 this action.
6        2.9 <u>House Counsel</u>: attorneys who are employees of a
7 Party.
8        2.10 <u>Counsel</u> (without qualifier): Outside Counsel and
9 House Counsel (as well as their support staffs).
10        2.11 <u>Expert</u>: a person with specialized knowledge or
11 experience in a matter pertinent to the litigation who has been
12 retained by a Party or its counsel to serve as an expert witness or
13 as a consultant in this action and who is not a past or a current
14 employee of a Party or of a competitor of a Party's and who, at the
15 time of retention, is not anticipated to become an employee of a
16 Party or a competitor of a Party's. This definition includes a
17 professional jury or trial consultant retained in connection with
18 this litigation.
19        2.12 <u>Professional Vendors</u>: persons or entities that
20 provide litigation support services (e.g., photocopying;
21 videotaping; translating; preparing exhibits or demonstrations;
22 organizing, storing, retrieving data in any form or medium; etc.)
23 and their employees and subcontractors.
24    <u>3. SCOPE</u>
25    The protections conferred by this Stipulation and Order cover
26 not only Protected Material (as defined above), but also any
27 information copied or extracted therefrom, as well as all copies,
28 excerpts, summaries, or compilations thereof, plus testimony,

conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

### 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The United States District Court, Northern District, San Jose Branch shall retain jurisdiction to enforce this Order.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not

1  qualify for protection, that Party or non-party must promptly
2  notify all other parties that it is withdrawing the mistaken
3  designation.
4         5.2 Manner and Timing of Designations.  Except as
5  otherwise provided in this Order (see, e.g., second paragraph of
6  section 5.2(a), 5.2(b) and 5.3, below), or as otherwise stipulated
7  or ordered, material that qualifies for protection under this Order
8  must be clearly so designated before the material is disclosed or
9  produced. Designation in conformity with this Order requires:
10            (a) for information in documentary form (apart from
11 transcripts of depositions or other pretrial or trial proceedings),
12 that the Producing Party affix the legend "CONFIDENTIAL" at the top
13 of each page that contains protected material. If only a portion or
14 portions of the material on a page qualifies for protection, the
15 Producing Party also must clearly identify the protected portion(s)
16 (e.g., by making appropriate markings in the margins).
17            A Party or non-party that makes original documents
18 or materials available for inspection need not designate them for
19 protection until after the inspecting Party has indicated which
20 material it would like copied and produced. During the inspection
21 and before the designation, all of the material made available for
22 inspection shall be deemed "CONFIDENTIAL".  After the inspecting
23 Party has identified the documents it wants copied and produced,
24 the Producing Party must determine which documents, or portions
25 thereof, qualify for protection under this Order, then, before
26 producing the specified documents, the Producing Party must affix
27 "CONFIDENTIAL" at the top of each page that contains Protected
28 Material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Attendance at depositions in this action in which "CONFIDENTIAL" is discussed, disclosed, or identified shall be limited to the deposition notary, the witness, counsel for the witness, counsel for the parties, and persons described in paragraph 7.2, below. The portion of the deposition transcript and exhibits thereto in which "CONFIDENTIAL" material is discussed, disclosed, or identified shall be sealed and protected from disclosure, except as permitted by this Order or as the Court may, in its discretion and for good cause, direct. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL".

5.3. A producing party that inadvertently fails to mark an item as "CONFIDENTIAL" at the time of production shall have ten calendar days thereafter in which to correct its failure. Until expiration of the ten-day period, all items produced shall be considered and treated as "CONFIDENTIAL". Notice of any such correction shall be made in writing, accompanied by substitute copies of each item, appropriately marked. Within five calendar days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked items and all copies thereof.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

1  specificity the justification for the confidentiality designation
2  that was given by the Designating Party in the meet and confer
3  dialogue.
4         ~~The objecting party shall bear the initial burden of~~
   The burden of persuasion in any such challenge proceeding shall be on the
5  ~~establishing (1) how in this particular case, the requested~~
   Designating Party.
6  ~~information is relevant to the litigation or is reasonably~~
7  ~~calculated to lead to the discovery of admissible evidence, (2) the~~
8  ~~interests of the objecting party that would be harmed if the~~
9  ~~designation is not removed, and (3) precisely how that harm would~~
10 ~~occur and how extensive it would be.~~  The designation shall remain
11 effective until entry of an order that it be removed.
12        7.  ACCESS TO AND USE OF PROTECTED MATERIAL
13        7.1 Basic Principles.  A Receiving Party may use
14 Protected Material that is disclosed or produced by another Party
15 or by a non-party in connection with this case only for
16 prosecuting, defending, or attempting to settle this litigation.
17 Such Protected Material may be disclosed only to the categories of
18 persons and under the conditions described in this Order. When the
19 litigation has been terminated, a Receiving Party must comply with
20 the provisions of section 12, below (FINAL DISPOSITION).
21        Protected Material must be stored and maintained by a
22 Receiving Party at a location and in a secure manner that ensures
23 that access is limited to the persons authorized under this Order.
24        7.2 Disclosure of "CONFIDENTIAL" Information or Items.
25 Unless otherwise ordered by the court or permitted in writing by
26 the Designating Party, a Receiving Party may disclose
27 any information or item designated CONFIDENTIAL only to:
28        (a) the Receiving Party's Outside Counsel of record

in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g) the author of the document or the original source of the information.

    7.3. A copy of each signed "Agreement to Be Bound by Protective Order" shall be maintained by counsel for the party to

whom such Information is disclosed. Upon good faith belief that an improper disclosure of "CONFIDENTIAL" has occurred, counsel for the party who originally disclosed such Information shall fully articulate such concerns to opposing counsel and shall request that copies of all signed acknowledgments be made available for review. If the parties disagree that an improper disclosure may have occurred, the party claiming such improper disclosure may seek a court review of the circumstances, including an *in camera* review of all signed "Agreements to Be Bound by Protective Order" , to determine whether further investigation is warranted, including disclosure of the "Agreements to Be Bound by Protective Order" .

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its CONFIDENTIAL material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>USE OF "OFFICIAL INFORMATION" AT PUBLIC TRIALS OR HEARINGS</u>.

1  In the event that any party hereto intends to use any
2  "CONFIDENTIAL" materia in any public trial or hearing in this
3  action or any appeal therefrom, the party proposing to use such
4  Information shall give adequate notice to the producing party to
5  permit the producing party an opportunity to seek appropriate
6  protection from the Court.

7  12. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in
8  writing by the Producing Party, within sixty days after the final
9  termination of this action, each Receiving Party must return all
10 Protected Material to the Producing Party. As used in this
11 subdivision, "all Protected Material" includes all copies,
12 abstracts, compilations, summaries or any other form of reproducing
13 or capturing any of the Protected Material. With permission in
14 writing from the Designating Party, the Receiving Party may destroy
15 some or all of the Protected Material instead of returning it.
16 Whether the Protected Material is returned or destroyed, the
17 Receiving Party must submit a written certification to the
18 Producing Party (and, if not the same person or entity, to the
19 Designating Party) by the sixty day deadline that identifies (by
20 category, where appropriate) all the Protected Material that was
21 returned or destroyed and that affirms that the Receiving Party has
22 not retained any copies, abstracts, compilations, summaries or
23 other forms of reproducing or capturing any of the Protected
24 Material. Notwithstanding this provision, Counsel are entitled to
25 retain an archival copy of all pleadings, motion papers,
26 transcripts, legal memoranda, correspondence or attorney work
27 product, even if such materials contain Protected Material. Any
28 such archival copies that contain or constitute Protected

Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. <u>MISCELLANEOUS</u>

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Use of own "CONFIDENTIAL" materials</u>. Nothing herein shall be construed to limit in any way any party's use of its own "CONFIDENTIAL" materials.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Date: 8/25/09            CASPER, MEADOWS, SCHWARTZ & COOK

_[signature]_
BY: ANDREW C. SCHWARTZ
Attorneys for Plaintiffs,
ESTATE OF GURMIT SINGH, et al.

Date: 9/2/09             BURTON, SCHMAL & DiBENEDETTO, LLP

_[signature]_
BY: TIMOTHY J. SCHMAL
Attorneys for CITY OF GILROY, POLICE
CHIEF DENISE TURNER, CAPTAIN SCOT
SMITHEE, OFFICER RODRIGUEZ, SERGEANT
WES STANFORD, OFFICER JAQUEZ,
OFFICER HEATH.

1   IT IS SO ORDERED.

2
    Date:       9/3/09                    *Patricia V. Trumbull*
3                                    THE HONORABLE ~~JAMES WARE~~, PATRICIA V. TRUMBULL
                                      MAGISTRATE JUDGE OF THE U.S. DISTRICT COURT.
4

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

```
Date: _____

City and State where sworn and signed:

_____

Printed name: _____
                    [printed name]


Signature: _____
                    [signature]
```