**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Estate of Gurmit Singh, et al., | NO. C 09-00740 JW |
| Plaintiffs, | **ORDER DENYING JOINT STIPULATION FOR ORDER COMPELLING PRODUCTION OF GRAND JURY TRANSCRIPT** |
| v. | |
| City of Gilroy, et al., | |
| Defendants. | |

Presently before the Court is the parties' Joint Stipulation for Order Compelling Production of Grand Jury Transcripts. (hereafter, "Stipulation," Docket Item No. 37.) The parties seek an order from the Court compelling the Santa Clara County Superior Court to provide the parties with transcripts and exhibits from the testimony of all witnesses in the grand jury proceedings of June and July 2008 relating to the underlying events from February 2008 giving rise to this case. (Stipulation at 2.)

"Parties seeking grand jury transcripts under [Federal Rule of Criminal Procedure] 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979).[1] "[I]n considering the effects of disclosure on grand jury proceedings, the

---

[1] "Federal Rule of Criminal Procedure 6(e) 'clearly' is 'the governing standard' regarding the production of state grand jury testimony in federal court." Goldstein v. City of Long Beach, 603 F. Supp. 2d 1242, 1251 (C.D. Cal. 2009) (citing United States v. Silva, 745 F.2d 840, 845 (4th Cir. 1984)).

1 courts must consider not only the immediate effects upon a particular grand jury, but also the

2 possible effect upon the functioning of future grand juries." Id.

3 Here, the parties request disclosure of "the testimony of each witness who testified before the

4 grand jury and any exhibits that were introduced into evidence during the proceeding."[2]  The parties

5 offer the following reasons in favor of compelling disclosure:

> [The parties] are informed an believe that each of the witnesses who testified before the grand jury is a relevant witness in [this] civil rights case and that the demands of truth and fairness in civil litigation would be served by the disclosure of their testimony before the grand jury.  Disclosure would enable the parties to refresh witnesses' recollection, as the grand jury proceedings were significantly closer in time to the underlying incident than their testimony in the civil action will be.  Disclosure would also enable the parties to impeach witnesses with any inconsistent statements.  Finally, disclosure will ensure all parties due process of law and may facilitate the resolution of the civil case, thereby promoting judicial efficiency.

11 (Schwartz Decl., Ex. A at 2-3.)

12 The above request shows that the parties' request is overly broad, makes no showing that the

13 need for disclosure outweighs the need for secrecy of the grand jury's testimony, and is not narrowly

14 tailored to cover only the material required to avoid possible injustice.  Furthermore, the parties'

15 request is vastly broader than the request at issue in Goldstein.  In Goldstein, the plaintiff sought

16 "only the witness index, exhibit index, and transcript summaries—not the actual transcripts—so that

17 they may identify the specific portions of the substantial grand jury record [that the plaintiff] needs."

18 Id. at 1253.  The court in Goldstein also explained that the need for secrecy was diminished because

19 of (1) the significant passage of time between the parties request in 2009 and the grand jury

20 testimony in 1989-1990, and (2) the fact that the material sought by the plaintiff had already been

21 disclosed in 1999 in another case. Id. at 1258.  By contrast, the grand jury testimony in this case

22 occurred in June and July of 2008.

23 In sum, the Court finds that the parties' all encompassing, unparticularized request for

24 disclosure would run contrary to Douglas Oil.  See Illinois v. Abbott & Assocs., Inc., 460 U.S. 557,

---

[2] (Declaration of Andrew C. Schwartz in Support of Joint Stipulation for Order Compelling Production of Grand Jury Transcripts, Ex. A at 2, hereafter, "Schwartz Decl.," Docket Item No. 37-1.)

2

564 n.8 (1983). Accordingly, the Court DENIES the parties' Joint Stipulation for Order Compelling Production of Grand Jury Transcripts without prejudice to the parties to return to the Court with a more particularized request and an adequate showing as to why the material they seek is needed to avoid injustice.

Dated:  October 30, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew Charles Schwartz schwartz@cmslaw.com
Karen Leigh Snell ksnell@clarencedyer.com
Timothy James Schmal Tschmal@bvsllp.com

**Dated: October 30, 2009**                    **Richard W. Wieking, Clerk**

**By:   /s/ JW Chambers
        Elizabeth Garcia
        Courtroom Deputy**